United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARTIN KRONGOLD,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-cv-1971** |
| | § | |
| **AMERICAN AIR LIQUIDE HOLDINGS, INC.,** | § | |
| | § | |
| **Defendant.** | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Martin Krongold filed suit under ERISA, asserting a claim for improperly calculated benefits (Claim I), and a claim for equitable estoppel (Claim II) against Defendant American Air Liquide Holdings, Inc. ("Air Liquide"). On September 2, 2025, this Court entered Final Judgment for Plaintiff on Count I, and for Defendant on Count II. ECF No. 63. All that remains to be resolved is Plaintiff's Motion for Attorneys' Fees, which is now before the Court. ECF No. 67.

United States Magistrate Judge Christina A. Bryan issued a Report and Recommendation ("R&R") in this case, recommending that the Motion be granted in part and denied in part. ECF No. 73. Plaintiff filed timely objections to Judge Bryan's recommendation. ECF No. 77. As required by 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the portions of the R&R to which Plaintiffs objected. After considering the objections, all responses, parties' oral arguments and all applicable law, the Court hereby **ADOPTS IN PART** the R&R. Plaintiff's Motion for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

Plaintiff filed two claims under ERISA. 29 U.S.C. § 1001, *et seq.* Claim I was brought under § 1132(a)(1)(B), alleging Defendant's failure to include Plaintiff's car allowance, a perquisite benefit, in the calculation of his projected pension benefits. ECF No. 22 Claim II was brought under § 1132(a)(3) for equitable estoppel, alleging Defendant's failure to combine Plaintiff's credited service at Air Liquide and Plaintiff's former employer Messer Griesheim Industries (MGI) into a single benefit service duration. *Id*. On October 17, 2024, the Court granted Plaintiff's Motion for Partial Summary Judgment on Claim I on all grounds except for prejudgment interest and attorneys' fees. ECF No. 50. On the same day, the Court denied Defendant's Motion for Summary Judgment on Claim II. Minute Entry for October 17, 2024. On February 24, 2025, the Court conducted a bench trial on Claim II. Minute Entry for February 24, 2025. The Court determined that while Defendant made material misrepresentations to Plaintiff, Plaintiff could not establish the remaining elements of the ERISA estoppel claim. ECF No. 61. Accordingly, the Court entered final judgment for the Plaintiff on Claim I, and for the Defendant on Claim II. ECF No. 63.

Plaintiff filed a Motion for Attorneys' Fees, ECF No. 67, which was referred to Magistrate Judge Bryan. ECF No. 72. Judge Bryan issued a Report and Recommendation on Plaintiff's motion, recommending that the Court grant it in part, and deny it in part. ECF No. 73. Plaintiff filed timely objections. ECF No. 77.

## II. APPLICABLE STANDARD

A party may file written objections to an R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court therefore reviews de novo the objected-to portions of the R&R.

ERISA provides District Courts with the discretion to award "a reasonable attorney's fee and costs of action" to either party. 29 U.S.C. § 1132(g)(1). The party must achieve "some degree of success on the merits" to be eligible for a fee award, and that success must be more than trivial or a "purely procedural victory." *Cloud v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 162 F.4th 527, 529 (5th Cir. 2025).

In determining how to exercise that discretion, the Fifth Circuit has provided factors to guide the exercise of that power, including: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Iron Workers Loc. No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Under Supreme Court precedent, the Court may, but is not required to, consider these factors. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485, n. 107 (5th Cir. 2018).

If the Court determines that fees should be awarded, the Court must use the lodestar method to calculate the amount to be awarded, multiplying the reasonable number of hours spent on the litigation and the reasonable hourly rate. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). The lodestar calculation presumed to be the reasonable fee but can be adjusted based on the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-

19 (5th Cir.1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

## III. ANALYSIS

Plaintiff makes the following three objections:

(1) The R&R erred in failing to recommend an award of "all or substantially all of Plaintiff's attorneys' fees" during litigation, in denying fees incurred for briefing Plaintiff's fees motion, and in denying Plaintiff's request for costs/expenses;

(2) The R&R erred in denying Plaintiff's prejudgment interest request; and

(3) The R&R erred in dismissing Plaintiff's requests for benefits calculation retroactive to August 2021, "gross-ups" to account for income tax liability and Medicare's Income Related Monthly Adjustment Amount (IRMAA) premium, and statutory document penalties.

ECF No. 77 at 1. Apart from Plaintiff's objection to the R&R's denial of fees incurred for briefing Plaintiff's fee motion, the Court concludes that Plaintiff's objections are unavailing and must be overruled.

### A. Objection 1: The R&R erred in failing to recommend an award of all or substantially all of Plaintiff's fees, in denying fees incurred for briefing the fees motion, and in denying costs/expenses

The Court turns to each aspect of Plaintiff's first objection in turn.

<u>Plaintiff's Fees for Earlier Litigation</u>

The R&R recommends that the Plaintiff's attorneys' fees should be reduced from the requested $238,431.50 to $33,105.24. ECF No. 73 at 10-11. First, the R&R determines that Plaintiff's success in the earlier litigation was limited to Claim I, which Plaintiff won at the summary judgment stage. *Id* at 7-8. Accordingly, the R&R applies the lodestar calculation and limits the invoices under consideration to those before October 17, 2024, when Plaintiff prevailed on Claim I. *Id*. at 10. The R&R next removes fee invoice entries related to Claim II, on

which Plaintiff was unsuccessful. *See Id*. at 11 (providing examples of which invoices the Magistrate Judge removed from consideration on the basis they related to Claim II). Ultimately, the R&R concludes that, after calculating the loadstar amount for the time spent on Claim I, the $33,105.24 amount is reasonable and does not require adjustment under the *Johnson* factors. *Id*. at 12.

Plaintiff objects, arguing first that under *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010), ERISA does not require "mechanical segregation of hours by counts prevailed under." ECF No. 77 at 3. Instead, Plaintiff points this Court to *Hensley v. Eckerhart*, arguing that the work required for both claims was factually and legally related, such that the fee award should not be "reduced simply because the plaintiff failed to prevail on every contention raised." 461 U.S. 424, 435 (1983).

To successfully secure an attorneys' fees award under ERISA, the party must show some degree of success on the merits. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). This requirement is not met through mere "trivial success." *Id*. (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688, n.9 (1983)). Once a court determines that a party has achieved the requisite success, the fee award, including the amount, is within that court's discretion. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013) (holding that the district court did not abuse its discretion when it awarded fees that included time spent on dismissed state law claims).

The R&R concludes that Plaintiff *did* achieve some degree of success, but that success was limited to Count I. Plaintiff asks this Court to exercise its discretion to award fees that include time spent on the ultimately unsuccessful claim in Count II. However, this Court is not persuaded. While *Hensley* counseled courts not to reduce fee awards if the Plaintiff does not

"prevail on every contention raised," the *Hensley* Court also explained that when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." 461 U.S. 424, 436 (1983). This continues to be true, even when "the plaintiff's claims were interrelated," as here. *Id*.

Here, Plaintiff's claims were certainly "interrelated" in that they both dealt with the underlying pension plan, but Plaintiff's success was limited to the benefits calculation issue in Claim I, not the legally distinct estoppel issue in Claim II. As the R&R explains, the burden of Plaintiff's unsuccessful claim meaningfully outweighs his successful one, even if both claims arose out of the same retirement plan. *See* ECF No. 73 at 11 (explaining the differences in the discovery burden between § 502(a)(1)(B) (Claim I) and § 502(a)(3) (Claim II)). The R&R correctly applied the lodestar calculation to the invoices for which Plaintiff found success in the earlier litigation, and this Court sees no reason to exercise its discretion differently. Plaintiff's objection is **OVERRULED**.

<u>Plaintiff's Fees for the Fee's Motion</u>

The R&R recommends this Court deny Plaintiff's request for fees associated with his Motion for attorneys' fees on the basis that Plaintiff's motion seeks "excessive fees, overly broad relief, and is longer than necessary." ECF No. 73 at 12. Since the award of fees under § 1132(g)(1) is within the district court's discretion, the R&R recommends this Court exercise that discretion and deny the request. 29 U.S.C. § 1132(g)(1).

Plaintiff objects, arguing that the motion itself was not overly broad or requesting excessive fees, and requests that this Court award fees associated with bringing Plaintiff's Motion. ECF No. 77 at 7. As explained above, this Court adopts the portion of Judge Bryan's

R&R recommending Plaintiff receive a fee award, albeit one that is significantly reduced from Plaintiff's original request. Accordingly, this Court finds it reasonable to award Plaintiff fees associated with his fees motion, upon which he finds limited success. *See e.g. Butler v. MBNA Tech., Inc.*, No. CIV.3:02-CV-1715-H, 2004 WL 1049136, *1 (N.D. Tex. May 10, 2004). However, as explained throughout this opinion, this Court does not accept Plaintiff's blanket assertion that his requests for relief contained within his fees motion were not excessive or overly broad. ECF No. 77 at 6. While this Court will grant a partial fees award for the time spent on the instant motion, Plaintiff's supplemental filing documenting the requested amount should reflect that Plaintiff's success in seeking fees was limited to a reduced attorneys' fees award, and *not* any of the additional relief he requested. Plaintiff's objection is **SUSTAINED**.

Costs and Expenses under ERISA

The R&R recommends rejecting Plaintiff's request for additional costs and expenses under ERISA. ECF No. 73 at 6. First, the R&R points out that Plaintiff already submitted a bill of costs on September 18, 2025, and Judge Bryan finds no good cause for a second request. *Id.* This is particularly true because many of the requested costs are not taxable under § 1920. *Id.* Plaintiff objects, arguing that ERISA's fee-shifting provision under § 1132(g)(1) authorizes broader recovery of litigation expenses than § 1920. ECF No. 77 at 6.

The Fifth Circuit has explained that "federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." Clouse v. S. Methodist Univ., 170 F.4th 367, 373 (5th Cir. 2026) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2007)). Plaintiff contends § 1132(g)(1) is such a statute. However, § 1132(g)(1) cannot reasonably be construed to be a "blanket power to tax costs." *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491

F.3d 266, 275 (5th Cir. 2007). Instead, § 1132(g)(1)'s costs provision is best understood to empower courts to awards costs limited to those in § 1920. *See Id*. (citing *Agredano v. Mut. of Omaha Cos.*, 75 F.3d 541, 544 (9th Cir.1996)). Therefore, Plaintiff's request for additional costs for expenses including "multiple trips to Houston for mediation and trial," "postage, and courier fees" are not proper under § 1920 or § 1132(g)(1). ECF No. 77 at 6; 28 U.S.C. § 1920. Plaintiff's objection is **OVERRULED**.

**B. Objection 2: The R&R erred in denying Plaintiff's prejudgment interest request**

The R&R recommends denying an award of prejudgment interest to the Plaintiff, primarily on the basis that Plaintiff never actually applied for a distribution of his benefits. ECF No. 73 at 13. Plaintiff objects, arguing that he did "attempt to apply for and initiate his receipt of benefits," and the fact that no benefits were distributed is "not dispositive." ECF No. 77 at 7-8. Instead, Plaintiff directs the Court to focus on "Defendant's misconduct" in making its award determination. *Id*.

The decision to award prejudgment interest lies within this Court's discretion. *Roig v. Ltd. Long Term Disability Program*, 275 F.3d 45, *5 (5th Cir. 2001). When deciding whether to award prejudgment interest under ERISA, the Fifth Circuit directs that the award is "compensation for the use of funds[,]" not "a penalty." *Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016) (quoting *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988)). Here, there is no use of funds for which to compensate Plaintiff, because as the R&R correctly explains, Plaintiff's car allowance claim did not "delay or deprive Plaintiff of the use of his money" because that money was never distributed for Plaintiff to use. ECF No. 73 at 13. Plaintiff's request for prejudgment interest due to Defendant's misconduct would turn the award into an improper penalty, and therefore, Plaintiff's objection is **OVERRULED**.

### C. Objection 3: The R&R erred in dismissing Plaintiff's requests for benefits calculation retroactive to August 2021, "gross-ups" to account for income tax liability and Medicare's Income Related Monthly Adjustment Amount (IRMAA) premium, and statutory document penalties.

The R&R recommends this Court deny the additional remedies consisting of retroactive benefits calculation, "gross-ups" to account for income tax and the Medicare IRMAA premium, and statutory penalties. ECF No. 73 at 6. The R&R explains that none of these remedies were awarded to the Plaintiff by this Court in its entry of Final Judgment, and Plaintiff cannot "assert new claims for relief" under § 1132(g)(1) and Rule 54(d). *Id*. Plaintiff objects, arguing that federal courts have inherent authority to issue post-judgment relief to manage the enforcement of their judgments, particularly to ensure compliance with a court's order of injunctive or other equitable relief. ECF No. 77 at 9.

However, Plaintiff's requests for additional relief are not meant to manage the enforcement of an order providing equitable relief from this Court. In fact, as the R&R notes, Plaintiff did not successfully secure any equitable relief from this Court. Plaintiff raised these issues in his Proposed Conclusions of Law, but this Court declined to adopt those proposed findings and issue said relief. *See* ECF No. 58 at 8-9 (¶ 25 discussing "grossed up" remedies, ¶ 26 discussing retroactive benefits calculation, and ¶ 27 discussing statutory document penalties). Instead, this Court issued final judgment on the equitable estoppel claim (Claim II) for the Defendant. ECF No. 63. Plaintiff has raised no arguments that justify disturbing that judgement and the underlying conclusions of law. Therefore, Plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

For the reasons stated, the Court **ADOPTS IN PART** Magistrate Judge Bryan's R&R.

Plaintiff's Motion for attorneys' fees is thus **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 29th day of September, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE